IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY CHIN, | § |
| | § |
| Plaintiff, | § |
| | §  Civil Action No. 3:15-CV-1235-D |
| VS. | § |
| | § |
| CRETE CARRIER CORPORATION, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Roy Chin ("Chin") seeking to recover from his former employer defendant Crete Carrier Corporation ("Crete") on claims for defamation, tortious interference with past and future business relations, and discrimination, retaliation, harassment and hostile environment based on sex/gender, Crete moves for summary judgment. For the reasons that follow, the court grants the motion except as to the harassment and hostile environment component of his claim for discrimination, retaliation, harassment and hostile environment based on sex/gender.

I

Crete hired Chin as a truck driver in April 2014.[1] After he completed initial training, Chin began field training with David Theis ("Theis"), whom Crete employed as a driver.

---

[1] In deciding Crete's summary judgment motion, the court views the evidence in the light most favorable to Chin as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

This training required that Chin shadow Theis on various trucking jobs over an extended period, riding in the truck cab with Theis and staying together at the same motels.

Chin alleges that Theis acted inappropriately throughout the training, including by exposing himself and making sexual propositions to Chin. When Chin rebuked Theis's advances, Theis allegedly kicked Chin out of the truck and made him walk to the motel at which they were staying. Chin reported Theis's conduct to Crete, and, within three days, Crete assigned a new driver trainer to Chin. The new trainer advised Chin to submit an official trainer review of Theis, which Chin did. Theis resigned from Crete before the company took any action against him.

Soon thereafter, Chin completed his training and began driving full-time for Crete. On November 13, 2014 a police officer stopped Chin in Natchitoches, Louisiana, after receiving a report that a truck had hit a bridge and driven away. The officer arrested Chin on five charges, including resisting arrest and failing to report an accident. Crete's investigation determined that Chin had in fact hit the bridge.

To determine discipline and dismissal, Crete uses a points accumulation system, under which various violations are assigned a specific number of points. Crete may terminate any employee who accumulates more than 15 points in a one-year period. On November 18 Crete terminated Chin for amassing 43 points within eight months of his hiring. The November incident alone resulted in 37 points. The other six points resulted from an October 22, 2014 accident that Crete determined was preventable, and an August 31 violation of Crete's hours of service policy.

Crete reported its records of Chin, including his termination and accident history, to other industry employers via third-party reporting services. Crete employees, however, erroneously reported that Chin had topped his tractor trailer or struck an overhead object in the November incident. Crete revised this report in March 2015, after it determined that Chin had instead struck a stationary object.

After his termination, Chin sought employment with other transportation companies. In late November, Chin applied to J.B. Hunt, which obtained information regarding Chin's employment at Crete via a third-party reporting service. This particular report stated that Chin had struck a parked vehicle on October 22 and had struck a fixed object on November 13. J.B. Hunt ultimately rejected Chin for employment after determining that he did not meet its minimum qualifications. On December 4 Chin was hired by Natural Resources Transportation ("NRT"). After multiple violations at NRT, he was terminated on December 18.

Chin also applied for unemployment benefits in Nebraska after his termination from Crete. As part of processing his benefits, the Nebraska Department of Labor ("NDOL") requested that Crete supply information regarding Chin's employment. Crete advised NDOL that Chin had been terminated for a "Violation of progressive discipline policy—accumulation of 15+ points including 2 accidents + unprofessional conduct." D. App. 96. NDOL denied Chin's benefits application.

Chin filed this lawsuit in state court, which Crete removed to this court. His amended complaint asserts claims for defamation, tortious interference with past and future business

relations, and discrimination, retaliation, harassment and hostile environment based on sex/gender.[2] Crete now moves for summary judgment.[3] Chin opposes the motion.

II

Crete's summary judgment burden depends on whether it is moving for relief on a claim or defense for which it will have the burden of proof at trial. To be entitled to summary judgment on a claim or defense for which it will have the burden of proof, Crete "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Crete must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

To be entitled to summary judgment on a claim or defense for which Chin will have

---

[2]Chin's amended complaint also includes a gender discrimination claim, which he has abandoned in his summary judgment response, and claims for exemplary damages and attorney's fees.

[3]Crete also moves to strike multiple statements in Chin's affidavit. Because in deciding this motion for summary judgment the court is not relying on any statement to which Crete objects, the court denies the motion to strike as moot.

the burden of proof at trial, Crete need only point the court to the absence of evidence of any essential element of Chin's claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once Crete does so, Chin must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for Chin. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Chin's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if Chin fails to meet this burden. *Little*, 37 F.3d at 1076.

III

Crete moves for summary judgment dismissing Chin's defamation claim, contending that its statements regarding Chin are protected by qualified immunity.

A

Under Texas law, which applies in this diversity case, defamation against a private individual requires: "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with [negligence], and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). Texas law "provides a qualified privilege against defamation liability when communication is made in good faith and the author, the recipient or a third person, or one of their family members, has an interest that is sufficiently affected by the communication." *Burbage v. Burbage*, 447 S.W.3d 249, 254

(Tex. 2014) (internal citations and quotation marks omitted). The qualified privilege applies to statements made in good faith by former employers to prospective employers. *Burch v. Coca-Cola Co.*, 119 F.3d 305, 323 (5th Cir. 1997). Actual malice on the speaker's part renders the privilege inapplicable. *Burbage*, 447 S.W.3d at 254.

Actual malice requires that the speaker knowingly make a false statement or make the statement with a reckless disregard for the truth. *Id.* (citing *Hagler v. Proctor & Gamble Mfg. Co.*, 884 S.W.2d 771, 772 (Tex. 1994) (per curiam)). Chin contends that Crete bears the burden to establish an absence of malice, citing *Ramos v. Henry C. Beck Co.*, 711 S.W.2d 331, 335 (Tex. App. 1986). But the Fifth Circuit holds that

> [w]here the employee claims that the employer made such references and accusations about him to one with a common interest (such as the employee's new employer), and the employer has pled the affirmative defense of qualified privilege, Texas law places on the plaintiff the burden of proof at trial with respect to malice.

*ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 443 (5th Cir. 1995). The court will therefore place on Chin the burden of producing evidence that would enable a reasonable jury to find that Crete acted with actual malice.

B

Chin relies on two specific categories of statements to maintain that Crete committed the tort of defamation: first, Crete's false communication to other employers via reporting services that Chin had topped his tractor trailer, and, second, its submission of termination information to NDOL. Chin does not appear to dispute that these statements can be

- 6 -

qualifiedly privileged; instead, he focuses in his brief on whether Crete acted with actual malice, an issue on which he will bear the burden of proof at trial.

But Chin has failed to introduce any evidence that would enable a reasonable jury to find that Crete or any of its agents made these statements knowing that they were false or with reckless disregard for whether the statements were true. Crete is therefore entitled to summary judgment dismissing Chin's defamation claim.

IV

Crete next moves for summary judgment as to Chin's claim for tortious interference with past and future business relations.

A

Texas law applies slightly different standards to a tortious interference claim depending on whether a business relationship is past or prospective. To prove tortious interference with a past relationship, Chin must establish: (1) the existence of a contract, (2) willful and intentional interference with the contract, (3) proximate causation, and (4) actual damage or loss. *Powell Indus. Inc., v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998) (per curiam). In contrast, interference with a future relationship requires that: (1) there was a reasonable probability that Chin would have entered into a contractual relationship; (2) Crete committed an independently tortious or unlawful act that prevented the relationship from occurring; (3) Crete committed such an act with a conscious desire to prevent the relationship from occurring, or knew that the interference was certain or substantially certain to occur as a result of its conduct; and (4) Chin suffered actual harm or damage as a result of Crete's

interference. *See Clarke-Smith v. Bus. Partners in Healthcare, LLC*, 2016 WL 279094, at *12 (N.D. Tex. Jan. 22, 2016) (Lynn, J.) (citing *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 381-82 (Tex. App. 2005, no pet.)).

B

Chin alleges that Crete tortiously interfered with his employment relationships with J.B. Hunt and NRT. The parties dispute whether to apply the past or prospective standard to the J.B. Hunt claim. The court need not resolve this dispute because it concludes that Chin has failed to submit any evidence that would enable a reasonable jury to find that Crete acted with intent to interfere as to both J.B. Hunt and NRT, which is an essential element of each type of interference. In fact, Chin entirely omits any discussion of this essential element of his interference claims in his summary judgment response. His failure to introduce evidence that would enable a reasonable jury to find in his favor on this essential element of his claims entitles Crete to summary judgment on both claims. *See TruGreen Landcare*, 512 F.Supp.2d at 623 (holding that failure to produce proof as to any essential element of a claim renders all other fact issues immaterial).

V

Finally, Crete moves for summary judgment dismissing Chin's claim in count three, which he entitles a claim for "discrimination, retaliation, harassment and hostile environment based on sex/gender." P. Am. Compl. 8.[4] As noted *supra* at note 2, Chin has abandoned his

---

[4]It is unclear whether Chin brings this claim under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.051(1), or Title VII of the Civil Rights Act of

discrimination claim. The court will therefore address the harassment and hostile environment component, and then the retaliation component, of this claim.

A

1

Chin complains of the conduct of Theis, his supervisor. To establish a claim for a sexually hostile work environment because of harassment by a supervisor, Chin must prove the following:

> (1) [he] belongs to a protected group; (2) [he] was subject to unwelcome sexual harassment; (3) [t]he harassment complained of was based upon sex; [and] (4) [t]he harassment complained of affected a "term, condition or privilege of employment," i.e., the sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment[.]

*Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999) (on rehearing) (citing *Jones v. Flagship Int'l*, 793 F.2d 714, 719-20 (5th Cir. 1986)).[5]

---

1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. The distinction is immaterial because "Texas courts look to analogous federal law in applying the [TCHRA]." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010). And Texas law recognizes the *Ellerth/Fallagher* affirmative defense that the court discusses below.

[5]"In some circumstances, a plaintiff asserting a claim of hostile work environment must also prove a fifth element: that 'the employer knew or should have known of the harassment in question and failed to take prompt remedial action.'" *Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *8 n.8 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (quoting *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). "But where . . . the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim, the plaintiff employee needs to satisfy only the first four of the elements listed above." *Id.* (citations and

Crete moves for summary judgment based on the affirmative defense established by the Supreme Court's decisions in *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998). Under *Ellerth* and *Faragher*, if a hostile work environment is created by a supervisor with immediate or successively higher authority over the plaintiff, the employer is vicariously liable if a tangible employment action resulted from supervisor harassment. But if a tangible employment action did not result, the employer can avoid liability by establishing (a) that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Ellerth*, 524 U.S. at 765; *Faragher*, 524 U.S. at 807. Because this is an affirmative defense, to obtain summary judgment on this basis, the employer must establish beyond peradventure all of the essential elements of the defense. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot*, 780 F.2d at 1194) ("[I]f the movant bears the burden of proof on an issue . . . because . . . as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the . . . defense to warrant judgment in his favor.").

"[A]n employer can satisfy the first prong of the *Ellerth*/*Faragher* defense by implementing suitable institutional policies and educational programs regarding sexual harassment." *Pullen v. Caddo Parish Sch. Bd.*, 830 F.3d 205, 210 (5th Cir. 2016). It is

---

internal quotation marks omitted); *see also Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

undisputed that Crete implemented a harassment policy and required that Chin and other employees undergo harassment training. Employees were required to watch a video entitled "Harassment in the Workplace/Employee Awareness" and take a test of their knowledge of the policy. D. Br. 49 n. 306. Chin acknowledged that he received the policy, watched the video, and took the test. A reasonable jury could only find from the summary judgment record that this program satisfies the first prong of the affirmative defense.

The second prong focuses on whether the employee availed himself of opportunities that would have allowed for the employer to reasonably mitigate damages. *See Faragher,* 524 U.S. at 807. Because Crete has failed to demonstrate beyond peradventure that Chin unreasonably failed to take advantage of any preventive or corrective opportunities provided by Crete or to avoid harm otherwise, the court denies summary judgment based on Crete's affirmative defense.[6]

2

Although Crete is not entitled to summary judgment based on the affirmative defense, summary judgment would still be available had Chin failed to establish a prima facie case of a sexually hostile work environment. But Crete does not move for summary judgment on this basis, and it is error to grant summary judgment on a ground not raised. *See, e.g.,*

---

[6] "When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

*Trammell Crow Residential Co. v. Va. Sur. Co., Inc.*, 643 F.Supp.2d 844, 860 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir.1987) (holding that it is error to grant summary judgment on ground not raised)). The court therefore denies Crete's motion for summary judgment as to the harassment and hostile environment component of this claim.

B

Crete moves for summary judgment dismissing the retaliation component of this claim. Chin alleges that Crete retaliated against him after he filed his complaint by giving him older trucks, subjecting him to random drug tests, forcing him to take a sleep apnea test, and terminating him.

To establish a prima facie case of retaliation, Chin must show that: (1) he engaged in activity protected by law, (2) he suffered an adverse employment action, and (3) a causal link exists between his protected activity and the adverse employment action. *Pineda v. United Parcel Serv.*, 360 F.3d 483, 487 (5th Cir. 2004).[7]

Chin has not introduced sufficient evidence for a reasonable jury to find that he engaged in a protected activity or that a causal link exists between the would-be activity and the alleged retaliatory actions. At the summary judgment stage, Chin must introduce evidence that would enable a reasonable trier of fact to find in his favor on each element of the claim. Because he has failed to do so, Crete is entitled to summary judgment dismissing

---

[7]These requirements apply under both the TCHRA and Title VII.

the retaliation component of this claim.

\* \* \*

For the foregoing reasons, the court grants Crete's motion for summary judgment as to all of Chin's claims except as to the harassment and hostile environment component of his claim for discrimination, retaliation, harassment and hostile environment based on sex/gender. The court denies Crete's motion to strike as moot.

**SO ORDERED**.

November 3, 2016.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　SIDNEY A. FITZWATER
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE